## LUISA PAGAN ET AL. *v.* LAWRENCE CLAVETTE

SUPERIOR COURT      JUDICIAL DISTRICT      FILE No. 36716
OF WATERBURY

Memorandum filed December 11, 1974

*Julius W. Frankel,* and *Pullman, Comley, Bradley & Reeves,* both of Bridgeport, for the plaintiffs.

*Carmody & Torrance,* and *Timothy C. Moynahan,* both of Waterbury, for the defendant.

BRACKEN, J. This action was returnable on the first Tuesday of June, 1972. It is alleged that the defendant shot and severely injured the plaintiffs Luisa Pagan and Evelie Pagan. The complaint is in two counts, alleging both assault and battery and negligence. The defendant apparently does not question the underlying factual basis of the complaint or that there is probable cause that the plaintiffs will recover a verdict against him.

It is noted that the plaintiffs, on October 23, 1974, filed with the court their affidavits setting forth the basis of their claims against the defendant, together with pertinent parts of their hospital records concerning their injuries. These documents have not

been controverted in any respect. Rather, it is the defendant's position that General Statutes § 52-278g, permitting the validation of attachments made prior to May 30, 1973, is a violation of the due process clause of the United States constitution as applied to the states through the fourteenth amendment. In support of his position he cites *Fuentes* v. *Shevin*, 407 U.S. 67, and similar decisions.

The defendant's argument is based on his claim that a prejudgment attachment without prior notice and a hearing contravenes due process. This argument rests on the false premise that General Statutes § 52-278g does not provide for notice. In point of fact it does, and the defendant on November 1, 1974, at the time of the hearing on this motion to validate the prejudgment attachments—obtained by the plaintiffs on May 5, 1972—of real property of the defendant, had the opportunity to be heard in opposition to the motion. It is important to note that the validation of any attachment made prior to May 30, 1973, does not take effect until the "date of such hearing." Therefore, the defendant had all of the remedies set forth in General Statutes § 52-278d including the right to appear and be heard, the right to submit evidence, and the right to contest the evidence of the plaintiffs seeking to establish probable cause. The defendant did not so contest the plaintiffs' evidence. General Statutes §§ 52-278d and 52-278g clearly reflect the due process requirements laid down by the Supreme Court of the United States, and, therefore, the defendant's constitutional attack on that statute must fail.

The court, on consideration of the evidence before it, finds that the plaintiffs have shown probable cause to sustain the validity of their claims. The prejudgment attachments of real property of the defendant, obtained by the plaintiffs on May 5, 1972, are effective from November 1, 1974.